ORIGINAL

# In the United States Court of Federal Claims

No. 14-268 C
Filed: October 8, 2014

**FILED**
OCT - 8 2014
U.S. COURT OF
FEDERAL CLAIMS

*****************************************

TOMMY LEE STEVENS,

　　Plaintiff,

v.

THE UNITED STATES,

　　Defendant.

*****************************************

Jurisdiction;
Motion to Dismiss, RCFC 12(b)(1);
*Pro Se*.

**Tommy Lee Stevens**, Mount Olive, North Carolina, *pro se*.

**William J. Grimaldi**, United States Department of Justice, Trial Attorney, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER

**BRADEN**, *Judge*.

### I.　RELEVANT FACTUAL BACKGROUND.[1]

On April 7, 2014, Tommy Lee Stevens ("Plaintiff") filed a Complaint in the United States Court of Federal Claims alleging that the Department of Health and Human Services ("HHS") implanted a transceiver in his body, without consent, in November 1994 when he had surgery for a broken leg and ankle at Wake Medical Hospital in Raleigh, North Carolina. Compl. Ex. B at 1. The Complaint alleges that this implant caused Plaintiff to hear voices, experience pain, gain weight, lose sleep, and revert to drug habits. Compl. Ex. B at 2, 4, 6.

---

[1] The facts recited herein were derived from Plaintiff's April 7, 2014 Complaint ("Compl.") and attached exhibits: (1) Certified Mail Receipt for Mailing to the Secretary of the Department of Health and Human Services Dated January 3, 2014 ("Compl. Ex. A") and (2) Claim for Damages Against the Department of Health and Human Services Dated January 3, 2014 ("Compl. Ex. B").

## II. PROCEDURAL HISTORY

The April 7, 2014 Complaint is not the first occasion where Plaintiff alleged injury. In *Stevens v. United States*, 2009 WL 3650874 (Fed. Cl. Oct. 28, 2009) ("*Stevens I*"), Plaintiff filed a complaint alleging violations of his constitutional and contractual rights, wrongful infliction of pain, federal crimes, takings, and a *qui tam* action on behalf of the Government seeking to recover money fraudulently claimed by others. *Id.* Each of these claims was dismissed for lack of subject matter jurisdiction under RCFC 12(b)(1). *Id.* at *4–*5.

The Federal Circuit affirmed, holding that "[t]here is no evidence that a contract even exists," that the Court of Federal Claims cannot provide an opportunity to testify before Congress, and that there was no "'source of substantive law that can be fairly interpreted as mandating compensation'" for Plaintiff. *Stevens v. United States*, 367 Fed. App'x 158, 160 (Fed. Cir. 2010) (per curiam) ("*Stevens II*") (quoting *United States v. Mitchell*, 463 U.S. 206 216–17 (1983).

In *Stevens III*, Plaintiff filed another complaint on an unrelated matter, and the court dismissed that complaint. *See Stevens v. United States*, No. 09-623 C, 2010 WL 147918, at *1 (Fed. Cl. Jan 7, 2010) ("*Stevens III*").

Thereafter, Plaintiff filed a third case in the United States Court of Federal Claims, invoking 45 C.F.R. § 46.101(b)(2).[2] *See Stevens v. United States*, No. 10-509C, 2011 WL 1883010 (Fed. Cl. May 17, 2011) ("*Stevens IV*"). Since that allegation concerned the Basic HHS Policy for Protection of Human Research Subjects, the court determined that "[n]othing in this provision can be fairly interpreted as requiring the United States to pay money damages." *Id.* at *3. Since Plaintiff did not point to a specific money-mandating source of law, the court did not have jurisdiction to adjudicate these claims under the Tucker Act. *Id.*

---

[2] Section 46.101(b)(2) provides:

Unless otherwise required by department or agency heads, research activities in which the only involvement of human subjects will be in one or more of the following categories are exempt from this policy:

…

(2) Research involving the use of educational tests (cognitive, diagnostic, aptitude, achievement), survey procedures, interview procedures or observation of public behavior, unless:

(i) Information obtained is recorded in such a manner that human subjects can be identified, directly through identifiers linked to the subjects; and (ii) any disclosure of the human subjects' responses outside the research could reasonably place the subjects at risk of criminal or civil liability or be damaging to the subjects' financial standing, employability, or reputation.

The next complaint alleged a violation of 45 C.F.R. § 46.116, establishing informed-consent requirements for government-funded research using human subjects, and an HHS Notice in the Federal Register to support his claim that he has a right to make contact with his Congressperson regarding his injury. *See Stevens v. United States*, No. 12-478C, 2013 WL 151715, at *3 (Fed. Cl. Jan. 14, 2013) ("*Stevens V*"). The court dismissed this case, because neither 45 C.F.R. § 46.116 nor the HHS notice provide a money-mandating source of law. *Id.* at *2. In addition, the court determined that Plaintiff failed to demonstrate the existence of a valid contract with the Government. *Id.* at *3. The court observed, however, that Plaintiff's demand for monetary relief for an unconsented medical procedure appeared to be a tort, over which the United States Court of Federal Claims does not have jurisdiction. *Id.*

In the present action, Plaintiff's April 7, 2014 Complaint requests the termination of the research project with HHS and the award of $100 billion, resulting from an alleged breach of contract, and invokes the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 601–13. Compl. at 4. On April 23, 2014, Plaintiff filed an Amendment ("Am."), requesting an additional $10 million. Am. at 1. On May 30, 2014, the Government filed a Motion to Dismiss ("Gov't Mot."), pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). On July 14, 2014, Plaintiff filed a Response ("Pl. Resp."). On July 29, 2014, the Government filed a Reply ("Gov't Reply").

## III. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

Therefore, to pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act . . . ."); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Mitchell*, 463 U.S. 206, 216 (1983) (quoting *Testan*, 424 U.S. at 400). And, the plaintiff bears the burden of establishing

jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B.     Standard of Review for a Motion to Dismiss Pursuant to RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . . is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) (allowing a party to assert, by motion, "lack of subject-matter jurisdiction"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations [of the complaint] to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

### C.     The Court's Resolution.

The court does not have subject matter jurisdiction over this case for three reasons: (1) the claim has no basis on a money-mandating provision of law; (2) the claim is a tort claim; and (3) the claim exceeds the statute of limitations.

First, the April 7, 2014 Complaint alleges a breach of contract, but does not allege facts in support, *i.e.*, "mutual intent to contract[,] including an offer and acceptance, consideration, and a Government representative who had actual authority to bind the Government." *Massie v. United States*, 166 F.3d 1184, 1188 (Fed Cir. 1999). A plaintiff "must proffer objective evidence demonstrating the existence of an offer and a reciprocal acceptance." *Am. Fed. Bank, FSB v. United States*, 62 Fed. Cl. 185, 194 (2004).

Second, for the various harms alleged, Plaintiff seeks remedial damages, which are the hallmark of tort. *See United States v. Burke*, 504 U.S. 229, 235 (1992) (citing R. HEUSTON, SALMOND ON THE LAW OF TORTS 9 (12th ed. 1957) ("'[A]n action for damages' is 'an essential characteristic of every true tort'"). The Tucker Act prohibits the court from exercising jurisdiction over claims "sounding in tort." 28 U.S.C. § 1491(a)(1). Therefore, the court has no jurisdiction over Plaintiff's claims for personal injuries.

Third, the Complaint is not timely, because it was filed more than "six years after such claim first accrue[d]." 28 U.S.C. § 2501. "A cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, *i.e.*, when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money.'" *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed Cir. 2003) (quoting *Naver Elec. Co. v. United States*, 368 F.2d 847, 851 (Ct. Cl. 1996)). The cause of action alleged was the implantation of the transmitting device that gave rise to Plaintiff's alleged injuries. Compl. Ex. B at 2, 4, 6. For the cause of action to be timely, however, the implantation must have occurred after April 7, 2008 to be within the six-year limit of the statute of limitations. Plaintiff allegedly received the transmitting device twenty years ago in November 1994. Thus, the statute of limitations of the Tucker Act bars Plaintiff's claim.

## IV. CONCLUSION.

For these reasons, the Government's May 30, 2014 Motion to Dismiss is granted. *See* RCFC 12(b)(1). Accordingly, the Clerk is directed to dismiss the April 7, 2014 Complaint and the April 23, 2014 Amendment.

**IT IS SO ORDERED.**

_____
SUSAN G. BRADEN
**Judge**